77 F.3d 364
 107 Ed. Law Rep. 108
 James R. ANDERSON, Plaintiff-Appellee,
v.
DISTRICT BOARD OF TRUSTEES OF CENTRAL FLORIDA COMMUNITY
COLLEGE; Sandra C. McKoy; James E. Kirk, Jr.; Stephen G.
Latiff; Benjamin L. Mathis; Robert P. Sandlin; Van E.
Staton; Patricia B. Vitter; William J. Campion; Betty J.
Towry; Franklin W. Latham, Defendants-Appellants.
 No. 93-3493.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 20, 1996.
 
 George N. Meros, Jr., Mary W. Chaisson, Rumberger, Kirk & Caldwell, P.A., Tallahassee, FL, for appellants.
 J. Robert Carr, Washington, D.C., for appellee.
 Appeal from the United States District Court for the Middle District of Florida.
 Before TJOFLAT, Chief Judge, BIRCH, Circuit Judge, and HENDERSON, Senior Circuit Judge.
 TJOFLAT, Chief Judge:
 
 I.
 
 1
 In this civil rights action, James R. Anderson alleges that his employer, Central Florida Community College ("College"), terminated his employment as a tenured member of the faculty for engaging in protected speech. Anderson, who is black, also alleges that he was terminated because of his association with the local branch of the NAACP, because of his race, and without due process of law. Anderson seeks an injunction reinstating him to his position, with full benefits, and consequential damages. Alternatively, he seeks front pay and such other relief as may be appropriate. In either case, Anderson asks for an award of punitive damages and attorney's fees.
 
 
 2
 The defendants are the College's District Board of Trustees, members of the Board, the College's president, its dean of program planning and occupational education, and its director of vocational education. Anderson sues these individual defendants both in their official and individual capacities.
 
 A.
 
 3
 Anderson's complaint contains six counts.[1] The first twenty-four paragraphs of the complaint contain allegations of fact that are adopted in full by all six counts. Count one begins with paragraph 25 of the complaint; count two with paragraph 34; count three with paragraph 43; count four with paragraph 51; count five with paragraph 59; and count six with paragraph 61. Each count contains factual allegations in addition to those set out in the first twenty-four paragraphs; each count also adopts the allegations of all preceding counts. Consequently, allegations of fact that may be material to a determination of count one, but not count four, are nonetheless made a part of count four.
 
 
 4
 After incorporating immaterial allegations of fact from paragraphs 1 through 24 and the preceding counts, each count alleges, in its "wherefore" clause, that the defendant or defendants charged in the count
 
 
 5
 violated the due process and equal protection clauses of the Fifth and Fourteenth Amendments to the United States Constitution; 42 U.S.C. Section 1983; Article I, Sections 2 and 9 of the Constitution of the State of Florida, and Rule 6Hx3: 8-28 of the Rules of [Central Florida Community College].
 
 
 6
 By incorporating paragraph 3 of the complaint, each count also charges that the defendant or defendants violated the First, Fourth, and Thirteenth Amendments to the Constitution of the United States, Chapters 120 and 240 of the Florida Statutes, Chapter 28 of the Florida Administrative Code, and the Florida law of contracts.[2]
 
 B.
 
 7
 Anderson's complaint is a perfect example of "shotgun" pleading, see Pelletier v. Zweifel, 921 F.2d 1465, 1518 (11th Cir.), cert. denied, 502 U.S. 855, 112 S.Ct. 167, 116 L.Ed.2d 131 (1991), in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief. Under the Federal Rules of Civil Procedure, a defendant faced with a complaint such as Anderson's is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement.[3] Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b),[4] and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading. Moreover, with the shotgun pleading out of the way, the trial judge will be relieved of "the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses." Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir.1984). Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.
 
 
 8
 Although the district court would no doubt have granted their motion, the defendants did not move the court to order the plaintiff to file a more definite statement.[5] When, during oral argument, we asked the defendants' attorney why he did not seek a more definite statement, he responded that he chose not to do so as a matter of strategy. Counsel's strategy was to fight fire with fire--to respond to the plaintiff in kind.
 
 C.
 
 9
 The answer[6] filed by the defendants asserted fourteen affirmative defenses, each one sentence in length.[7] None of these affirmative defenses mentions any of the numbered counts of the plaintiff's complaint; none of the defenses refers to, or even acknowledges, any of the constitutional, statutory, or regulatory provisions cited in the complaint. In short, these affirmative defenses are as incomprehensible as the complaint.
 
 
 10
 The defendants' third affirmative defense asserts that: "Defendants in both their individual and official capacity enjoy absolute and/or qualified immunity." Following several rounds of discovery, the individual defendants moved the district court for summary judgment on this defense. The court denied their motion. The defendants thereafter moved the court to reconsider its ruling on the issue of qualified immunity. The court denied the motion, and from that ruling the individual defendants took this appeal. We have jurisdiction to entertain the appeal under the collateral order doctrine of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546-47, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949). See Mitchell v. Forsyth, 472 U.S. 511, 524-30, 105 S.Ct. 2806, 2814-17, 86 L.Ed.2d 411 (1985).
 
 II.
 
 11
 Appellants contend that there is no material issue of fact and that they are entitled to qualified immunity, if not absolute legislative immunity, on Anderson's federal constitutional claims--specifically, his claims under the First Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Anderson, in rebuttal, contends that the material facts are in dispute and that the district court properly denied appellants summary judgment.
 
 
 12
 Due to the state of the pleadings in this case, in order to decide whether the district court ruled correctly, we must, in effect, amend Anderson's complaint to conform to the evidence the parties have amassed. The rules of procedure authorize a court to amend a pleading to conform to the evidence; such amendment ordinarily occurs, however, after the parties have tried the issue "by express or implied consent." See Fed.R.Civ.P. 15(b). Whether a court of appeals possesses the same authority we need not decide; after having read this record, we are satisfied that it would be a foolish undertaking to amend Anderson's complaint at this level. Determining precisely what the plaintiff is contending is a matter best left to the district court--either by requiring Anderson to replead his case or by requiring all parties to state on the record the theories under which they are proceeding and the facts that support their theories.
 
 
 13
 The consequence of our being unable to determine whether the district court should have granted appellants immunity is that we affirm the district court's denial of immunity. We do so, of course, without prejudice to appellants' right to resubmit the issue to the district court once the parties appropriately join issue on their claims and defenses.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 Count seven of the complaint does not purport to state a claim for relief; rather, it simply asks for an award of attorney's fees under 42 U.S.C. § 1988 if Anderson prevails on any of the federal constitutional claims brought under 42 U.S.C. § 1983
 
 
 [2]
 In addition to seeking relief under these provisions and those listed in the "wherefore" clauses in each count, Anderson apparently believes that his case presents still other claims for relief. At one point during the litigation, the court directed counsel for the parties to confer about the case and to file a pretrial stipulation. Counsel conferred; thereafter, Anderson's attorney undertook the task of preparing the stipulation. He did so and, without obtaining defense counsel's signature, filed it with the court. Defense counsel objected to the document, contending, in essence, that it did not embody the parties' agreements, and filed a "Motion for Sanctions Due to Plaintiff's Bad-Faith Filing of an Unexecuted Pretrial Stipulation." We cannot tell from the record whether the court ruled on the motion; we do know that the court removed the case from its trial calendar shortly thereafter
 In this unexecuted stipulation, Anderson stated that his case included a claim that his employment had been terminated on account of his age, as well as his race, and in violation of 42 U.S.C. §§ 1981 and 1985; and thus the defendants, in effecting the discharge, slandered him and thus deprived him of a constitutionally protected liberty interest.
 
 
 [3]
 Rule 12(e) states:
 If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.
 
 
 [4]
 Rule 10(b) requires that
 [a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances.... Each claim founded upon a separate transaction or occurrence ... shall be stated in a separate count ... whenever a separation facilitates the clear presentation of the matters set forth.
 Fed.R.Civ.P. 10(b).
 
 
 [5]
 At its first conference with counsel in this case, a preliminary pretrial conference, the district court had before it the plaintiff's complaint and the defendants' original answer (which, with the exception of one affirmative defense, was the same as the amended answer the defendants subsequently filed). On examining those pleadings, the court, acting sua sponte, should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement
 
 
 [6]
 We refer to the defendants' amended answer as their answer
 
 
 [7]
 These affirmative defenses were preceded by fourteen numbered paragraphs that admitted or denied the various factual allegations of the complaint