**In re Rocky Dwayne SHEFFIELD, Debtor.**

**Rocky Dwayne Sheffield, Plaintiff,**

**v.**

**HomeSide Lending, Inc., Defendant.**

**Bankruptcy No. 97–10511–MAM. Adversary No. 99–1124.**

United States Bankruptcy Court, S.D. Alabama.

July 31, 2001.

Steve Olen and Steven L. Nicholas, Mobile, Alabama, Donald J. Stewart, Mobile, Alabama, for plaintiffs.

Jeffery J. Hartley, Mobile, Alabama, Thomas M. Hefferon, Washington, DC, for the defendants.

## ORDER DENYING MOTION TO DISMISS CLAIMS UNDER- LYING SUBCLASS 2

MARGARET A. MAHONEY, Chief Judge.

This matter is before the Court on Defendant HomeSide Lending, Inc.'s motion to dismiss from this case any and all claims that underlie subclass 2 of the class certified by this Court on June 5, *2001*. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is denying the motion to dismiss.

## FACTS

On June 5, *2001,* the Court certified the following class in this case:

Subclass 1. All bankruptcy debtors who have filed a Chapter 13 petition on or after January 1, 1994(1) who had proofs of claim filed in their cases by Defendant HomeSide which (a) did not disclose postpetition/preconfirmation fees at all, (b) did not disclose them with sufficient specificity, or (c) did not include these fees in the arrearage claims; (2) who had these fees collected or posted to their accounts in some way by Defendant HomeSide after filing bankruptcy; and (3) in whose cases Defendant HomeSide did not file a specific application for these fees which was approved by the United States Bankruptcy Court.

Subclass 2. All bankruptcy debtors who have filed a Chapter 13 petition on or after January 1, 1994(1) who had proofs of claim filed in their cases by Defendant Home-

Side; (2) who had these fees collected or posted to their accounts in some way by Defendant HomeSide after filing bankruptcy; and (3) where the bankruptcy work was referred from, and/or directed in whole or in part by, LOGS Financial Services, Inc., and LOGS was paid a fee by the attorney to whom the bankruptcy work was referred.

## LAW

HomeSide objects to the certification of subclass 2 and seeks dismissal of the claims that underlie it pursuant to Fed. R.Bankr.P. 7008, 7012 and 7010(b).

### 1.

■ Under Fed.R.Bankr.P. 7008 a claim should be dismissed if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." HomeSide alleges that the complaint does not make any "reference, either direct or indirect, to the administrative fees implicated by the Subclass 2 definition." Motion at p. 2. HomeSide also alleges that the complaint does not do two other things required by Rule 8—articulate any legal or equitable theory of recovery for the subclass or make a demand for relief.

The plaintiff asserts that this is untrue. The issue of the LOGS fees is simply a subset of the issue of fees in general. The complaint alleges the fees assessed postpetition are not reasonable, authorized or allowable and/or their assessment against the debtor is a violation of bankruptcy law.

■ The Court concludes that the complaint sufficiently alleges that fees assessed by HomeSide may be unreasonable, unauthorized or unallowable or may be a violation of bankruptcy law. Those allegations encompass what this Court understands the plaintiff's theory to be about LOGS fees. Sheffield is asserting that the

attorneys fees or referral fees may be improper. These allegations fold into Counts 1 and 4 and have theories of recovery stated and demands for relief. Precision is not required under the notice pleading standard. *Roe v. Aware Woman Center for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir.2001) ("[T]he liberal 'notice pleading' standards ... do not require that a plaintiff specifically plead every element of a cause of action."). If the Court has discerned what plaintiff is alleging, HomeSide must be able to do so as well.

■ The main case cited by HomeSide does not support dismissal of this claim. *Roe v. Aware Woman Center for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir.2001) required a plaintiff to amend her complaint to include an allegation that the defendant had a motive to intimidate her. Her complaint lacked any statement about motive and motive was a required element of her cause of action. Even so, the court stated that an amendment would "not be a difficult matter." *Id.* at 684. Notice pleading requires only general statements. The complaint in this case contains enough notice. No required element of plaintiff's case is missing. It alleges that fees were unreasonable, unauthorized, unallowable or violations of bankruptcy law. The fee of LOGS, if passed through to the debtor, is encompassed in the complaint.

### 2.

■ HomeSide also seeks dismissal under Fed.R.Bankr.P. 7012(b) because the requirements of Fed.R.Bankr.P. 7010 are not met. Rule 7010(b) states that "each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth." HomeSide asserts that the issue of administrative fees is not set forth in the complaint and it is founded on a separate transaction or occurrence. Shef-

field asserts that these fees are part of the attorneys fee charged to debtors and the pleadings do cover it. This is not like the "shotgun" complaint in *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364 (11th Cir. 1996). There are not numerous counts all with broad allegations of violation of wide swaths of federal and state law. Nor is it like *Veltmann v. Walpole Pharmacy, Inc.*, 928 F.Supp. 1161 (M.D.Fla.1996) in which numerous defendants were all lumped together in the same counts. The Court concludes that Rule 10(b) has not been violated. As the Court understand the allegation, it is encompassed in the claim that attorneys fees are unreasonable, unauthorized or unallowable or are a violation of bankruptcy law. No separate count is necessary.[1]

IT IS THEREFORE ORDERED that the motion of HomeSide Lending, Inc. to dismiss claims underlying subclass 2 is DENIED.

---

1. HomeSide counsel stated in his oral argument on this motion that no class was certified for Count 1 of the complaint. The Court does not read its orders to date to so state. The class certification order dated December 29, 2000 only stated that if reasonability was the only issue as to a fee, e.g., if the fee was properly disclosed, the Court would not consider the issue.