TRAVELERS INSURANCE COMPANY *v.* Logan COLE

CA 81-126                                        623 S.W. 2d 848

Court of Appeals of Arkansas
Opinion delivered November 18, 1981

*McMillan, Turner & McCorkle*, by: *Toney D. McMillan,* for appellant.

*Floyd M. Thomas, Jr.* of *Brown, Compton & Prewett, Ltd.,* for appellee.

LAWSON CLONINGER, Judge. This case involves a group disability insurance policy issued by appellant Travelers

Insurance Company to appellee Logan Cole's employer. Appellee became disabled on August 19, 1975, and appellant began paying benefits of $600 monthly under the policy. Appellant discontinued the payments on April 19, 1976 when it was discovered that appellee had received a Social Security disability award of $329.30 monthly. The payment pursuant to the award was received by appellee on July 20, 1976 and represented disability payment for the eleven months from July, 1975 through June, 1976. Appellant had initially been denied Social Security disability benefits, but it was later determined that he was eligible.

The pertinent portions of the policy of insurance issued by appellant provide:

### SCHEDULE OF BENEFITS

I.   (a) . . . the amount of monthly benefit payable for each full month total disability shall be an amount equal to 60% of the employee's basic monthly compensation . . .

II.   The benefit payable for any monthly period of total disability . . . shall be reduced by the amount of any other income benefits . . . available to the employee for such period.

. . . .

IV.   . . . the minimum monthly benefit payable for each full month of total disability shall be $50.00.

By the terms of the policy "other income benefits" include benefits available for disability under the Federal Social Security Act.

Appellant contended that it had overpaid appellee for the months of July, 1975 through May, 1976 and sought to reimburse itself from future payments accruing to appellee. Appellee filed an action in the trial court claiming there was due from appellant the sum of $600 monthly for the periods ending May 19, 1976, June, 1976, and July, 1976; the sum of $50.00, the minimum payment under the policy, for the period ending August 19, 1976, the month appellee actually received the lump sum payment from Social Security; and

the sum of $270.70 per month for the period commencing August 19, 1976, and ending when appellee's disability under the terms of the policy terminated, August 19, 1977.

Motions for summary judgment were filed in the trial court by both appellant and appellee. Appellant brings this appeal from the trial court's judgment granting appellee's motion and denying appellant's. The only issue briefed and argued on this appeal is whether the payment from Social Security was "available" to appellee only for the month in which he received the payment, July, 1976, or was "available" for each of the eleven months for which the payment was made. We find the payment was available for the eleven-month period and we reverse.

Neither of the parties has presented a case in this jurisdiction or others directly in point on the issue before the Court. Some of the cases presented are helpful but none is determinative of the question. Most of the insurance cases dealing with the term "available" involve uninsured motorists' coverage, typical of which is Gordon v. Maupin and American Family Mutual Insurance Co., 469 S.W. 2d 848 (Mo. 1971). In that case, Gordon was one of three guest passengers in an automobile struck by an automobile negligently driven by Maupin, an uninsured motorist. Gordon and the driver of the automobile in which Gordon was riding had each been issued uninsured motorists' policies by American Family Mutual, with a clause providing: "With respect to bodily injury to an insured while occupying an automobile not owned by a named insured under this endorsement, the insurance hereinunder shall apply only as excess insurance over any other similar insurance available to such occupant . . . " American Family Mutual paid $8,397 to other occupants of the automobile in which Gordon was riding, under the policy carried by the driver of the host automobile, and offered Gordon $1,603, the balance remaining under the $10,000 limit of the driver's policy, although Gordon's damages were admittedly $5,000. American Family Mutual claimed there was similar insurance "available" to Gordon at the time of the accident and denied any liability in excess of $1,603. The Court rejected the insurer's contention, holding that the coverage was

available only in a hypothetical sense, not actually available to Gordon. It is obvious that even though uninsured motorists cases sometimes deal with the word "available" the term is used in a context different from the one involved in the instant case. In order to determine the issue presented in this case it will be necessary to refer to recognized principles of contract and insurance law.

In *MFA Mutual Insurance Co.* v. *McKinney,* 245 Ark. 326, 432 S.W. 2d 484 (1968), the uninsured motorists section of an automobile policy was involved, although the term "available" was not employed. The policy in that case provided that any amount payable under the section of the policy for bodily injuries sustained by the insured "shall be insured by . . . the amount paid and the present value of any amounts payable on account of such bodily injury under any workmen's compensation law, disability benefits law, or any similar law." The insured in that case had received compensation benefits in the amount of some $18,000. The Court held that this clause was controlling, and said "the contract unmistakably states that any amount payable shall be reduced by the amount paid under any workmen's compensation law," and ruled for the insurance company.

We are aware that the first principle in the legal interpretation of insurance contracts is that those contracts must be construed most strongly against the insurance company which prepared the contract. *MFA Mutual Insurance Co.* v. *State Farm Mutual Auto Insurance Co.*, 268 Ark. 746, 595 S.W. 2d 706 (Ark. App. 1980). It is equally true, however, that the courts must give ordinary meaning to words. *State Farm Insurance Companies* v. *Gilbert*, 3 Ark. App. 52, 621 S.W. 2d 880 (1981). The terms of an insurance contract are not to be rewritten under the rule of strict construction against the company issuing it so as to bind the insurer to a risk which is plainly excluded. *Southern Farm Bureau Casualty Insurance Co.* v. *Williams*, 260 Ark. 659, 543 S.W. 2d 467 (1976).

In *Brown* v. *Gardner*, 387 Fed. 2d 345 (4th Cir. 1967) a Social Security award such as that received by appellee in this case was interpreted as a payment in lieu of earlier

benefits withheld. In *Brown,* after an initial determination of ineligibility, it was determined that Brown was eligible for disability benefits, and therefore entitled to benefits accrued but not yet paid. A lump sum payment was simply a method of paying earlier monthly benefits improperly withheld. In an analogous situation, under Ark. Stat. Ann. § 81-1325 (Repl. 1976), a worker may appeal a decision denying him workers' compensation benefits, and in the event his appeal is successful benefits become available for the months of disability beginning with the date of his injury.

The policy in this case provides that the benefits payable for any month shall be reduced by the amount of other income benefits available *for* such period, not *during* such period. The income benefits were available for the period commencing on the first day of disability regardless of when the benefits were actually paid. If, for example, the policy issued by appellant had provided that the benefit period was weekly instead of monthly, and Social Security payments were monthly with each monthly payment actually made on the first day of the month following the month of eligibilty, it would not be reasonable to say that the Social Security payments were only available for the first week of each month, but not for the second, third, and fourth weeks. Neither is it reasonable to say that under the facts of the present case, the income benefits for the eleven months subsequent to appellee's injury were not available income benefits under the policy.

The parties clearly contemplated that an injured employee was to receive 60% of his basic monthly compensation, which was, in appellee's case, $600 a month. They did not contemplate that appellee would receive $600 plus Social Security benefits for any month.

The meaning of the term "available to the employee for such period" is clear and unambiguous, and appellant's motion for summary judgment should have been granted.

Reversed and remanded with directions to grant appellant's motion for summary judgment.

CORBIN and GLAZE, JJ., concur.

MAYFIELD, C.J., not participating.

DONALD L. CORBIN, Judge, concurring. I concur in the result but I would limit Travelers Insurance Company's credit for "other income" to the net recovery received by the appellee from Social Security.

TOM GLAZE, Judge, concurring. I agree with the majority opinion, but I would add that the Social Security Act requires such a result. Under the insurance contract and facts of this case, appellee received $600 per month, *i.e.,* 60% of his basic monthly compensation. This amount was to be reduced by the amount of any other income benefits, and other benefits were defined by the contract to include Social Security payments.

At the time the policy issued to appellee went into existence, Social Security disability benefits were payable monthly. See 42 U.S.C. § 423. In *Carner v. Farmers Insurance Company of Arkansas,* 3 Ark. App. 201, 623 S.W. 2d 859 (1981), we adopted the following rule which I believe is applicable to the facts here:

> A statute applicable to a contract of insurance in force at the time of the making of the contract enters into and forms a part thereof, must be read in connection therewith in construing the terms of the policy, and controls in case of conflict. . . .

The insurance contract before us provides for monthly compensation during appellee's disability. This monthly compensation was to be reduced by Social Security benefits which by law are payable monthly as well. Of course, the appellee was paid a lump sum award of $3,622.30, but this award represented cumulative monthly payments.

The trial court's decision permitted appellant to recoup monies paid to appellee only for the month in which appellee received the accrued monthly Social Security payments. Of course, if we accepted the trial court's construc-

tion of the insurance contract, it not only may serve to reduce the amount of money an insurance company may recoup under the contract reduction provision, it could also render the reduction provision completely nugatory. For example, if appellee's disability had ceased before the Social Security payments had been paid, the trial court's interpretation of the insurance contract would mean that the appellant would receive no credit for any of the monthly compensation payments made to appellee. The point is that the trial court's decision ignores the basis upon which disability benefits are paid under the insurance contract and the Social Security Act. Under each, compensation and benefits are paid on a monthly basis. It is only reasonable to conclude that any reduction or credit given in connection with those benefits should also be considered on a monthly basis. If we consider the provisions of the insurance contract and Social Security Act together, the conclusion is inescapable that coordination of monthly benefits was intended. The months appellee received benefits from appellant should have been correlated to those months appellee received Social Security payments. Each monthly compensation payment made under the insurance contract should have been reduced accordingly.