Raymond L. GRAY, Plaintiff,

v.

The TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND, et al., Defendants.

No. 88–815–CIV–T–17.

United States District Court, M.D. Florida, Tampa Division.

Oct. 13, 1989.

Edwin J. Bradley, Tampa, Fla., for plaintiff.

Kirk M. Gibbons, Tampa, Fla., and Eliott R. Good, Columbus, Ohio, for Travelers Indem. Co. of R.I.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on the following:

Dkt. 24 Defendant Travelers Second Amended Motion for Summary Judgment and Memorandum

Dkt. 27 Plaintiff's Motion for Summary Judgment

Dkt. 28 Memorandum in opposition to Defendant's Motion for Summary Judgment and in support of Plaintiff's Motion for Summary Judgment

Dkt. 29 Defendant Travelers' Memorandum of Law in opposition to Plaintiff's Memorandum of Law in support of Defendant's Motion for Summary Judgment

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–7 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.*, at p. 324, 106 S.Ct. at p. 2553, 91 L.Ed.2d at

p. 274. The Court is satisfied that no factual disputes remain which require resolution at trial.

FACTS:

Plaintiff Raymond L. Gray was employed by General Telephone until September 16, 1981, at which time he became disabled and stopped working. During his employment Plaintiff was insured by Defendant The Travelers Indemnity Company of Rhode Island for long term disability pursuant to policy GA–864000. Plaintiff filed a claim for long term disability benefits on March 22, 1982 due to a mental or nervous disorder. At the time of the claim, Travelers was notified that Social Security benefits had been applied for but claimant was not receiving benefits. Travelers notified Plaintiff that he was entitled to long term disability benefits in a letter dated June 11, 1982. Benefits were paid for the period December 17, 1982 through November 17, 1983.

At the time Plaintiff stopped working, his monthly earning was $2,400, and his monthly disability benefit was $1,320. On October 7, 1983, Travelers notified Plaintiff that disability benefits due to a mental or emotional disease are payable for twelve months. At that point, Travelers stopped making disability payments to Plaintiff.

During the month of March, 1986, Plaintiff received a check from the Social Security Administration for $11,582 for Social Security benefits due him through March 31, 1986. During the month of April, 1986 and during each month thereafter, Plaintiff has received monthly benefits of $673.10 plus cost of living increases.

On May 13, 1986, Travelers paid Plaintiff $4,576 for disability benefits from November 17, 1983 through March 1, 1984. This amount was calculated by multiplying the number of applicable months by the amount of benefits due. No "other income" amounts were deducted.

Plaintiff filed suit on May 30, 1986 to obtain benefits for the period after March 1, 1984. Travelers paid $22,525 for benefits between February 17, 1984 and June 17, 1986 on June 9, 1986. This amount constituted the monthly benefits of $1,320 per month less the amount of $673.10, a deduction for Social Security "other income".

Travelers was notified that Plaintiff's disability was not due to a mental or emotional disorder, but due to Alzheimer's disease, in a letter from his counsel dated April 1, 1986. In February, 1986, Travelers learned of the Social Security determination of disability, and learned that Plaintiff received a lump sum payment covering a disability period from October, 1984 through February, 1986.

ISSUES:

The ultimate issues which Plaintiff seeks to have the Court determine are whether Travelers correctly calculated Plaintiff's monthly benefit and whether Plaintiff is entitled to interest on the benefits which were not paid when they were due, and upon the benefits which Travelers has not paid due to its alleged miscalculation of the monthly benefit. Plaintiff argues that Travelers incorrectly calculated his benefit amount for the months October, 1984 through February, 1986 by deducting amounts for Social Security benefits paid for that period.

Plaintiff argues that his causes of action against Travelers are not preempted by ERISA, and that in this situation Travelers is not acting as a fiduciary, but solely as an insurer. Defendant responds that it has discretionary authority under the plan, and therefore acts as a fiduciary. Travelers seeks to have the Court find that under the applicable standard Travelers made the correct determination of the amount of benefits available.

## A. ERISA PLAN

■ Plaintiff argues that there is no reason under the applicable insurance policy or the ERISA statute to drag what is essentially an insurance claim into Federal Court. Plaintiff contends that this case is simply a claim on an insurance policy against his insurer, acting solely in its capacity as an insurer.

Pursuant to *Pilot Life Insurance v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95

L.Ed.2d 39 (1987), the Court finds that the subject plan is an employee welfare benefits plan, and that Plaintiff's cause of action under state law is preempted by the provisions of ERISA. In *Pilot Life,* the Supreme Court found that the civil enforcement provisions of ERISA Section 502(a) are "the exclusive vehicle for actions by ERISA–plan participants and beneficiaries asserting improper processing of a claim for benefits." *Pilot Life v. Dedeaux,* 107 S.Ct. at 1555.

### B. APPLICABLE STANDARD OF REVIEW

Defendant argues that Travelers exercised its discretion in initially determining whether Plaintiff was eligible for disability benefits and in later determining whether the Social Security benefits received by Plaintiff in a lump sum were "other income" as the term is used in the policy. Travelers was also required to determine whether to deduct from its payment of disability benefits the corresponding monthly amount Plaintiff received from Social Security.

■ One is fiduciary to the extent that he exercises *any* discretionary authority or control. *Firestone Tire and Rubber Company v. Bruch,* — U.S. —, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). In *Firestone,* the Supreme Court held that a denial of benefits challenged under Section 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. The subject plan provides that Travelers has the authority to determine eligibility for benefits. See policy pp. 2.1, 7.1, 5.1; summary plan description, pp. 16, 19. The Court finds that the applicable standard of review is the arbitrary and capricious standard.

### C. CONSTRUCTION OF "BENEFITS AVAILABLE"

■ Plaintiff contends that Travelers has underpaid disability benefits by deducting Social Security benefits for the months

October, 1984 through February, 1986. Plaintiff claims that Travelers is only able to set off the lump sum payment against the disability plan benefit due for the month during which the lump sum payment was received.

Travelers construed the following language in making its benefits determination:

Subject to Paragraphs II and III below, the amount of monthly benefit payable for a full month of total disability will be 55% of the Employee's Basic Monthly Earnings, subject to a maximum amount of $5,000 per month, reduced by the amount of any Other Income Benefits available for such monthly period, except benefits under the Federal Social Security Act, Railroad Retirement Act, or a workmen's compensation or similar law, to, for, or attributable to the Employee's dependents.

Travelers made the decision to apply Plaintiff's Social Security benefits paid over the period of time that they cover in its fiduciary capacity. It is uncontradicted that Travelers has uniformly applied the terms of the plan to General Telephone employees, including Plaintiff, relative to calculation of and payment of disability benefits under the plan. See, Affidavit of Bela Nunes Scalise, Exh. A, Dkt. 24. After receiving notice that Plaintiff suffers from Alzheimer's disease, Travelers paid Plaintiff the disability benefits to which he was entitled. Travelers provided a "fair reading" of the subject plan and a reasonable construction of the applicable policy language.

The Court further finds that even if it applied a *de novo* standard of review, the end result would not change. Other courts have held that the manner in which Travelers construed "available" under the facts of this case is correct. *Travelers Insurance Company v. Cole,* 3 Ark.App. 183, 623 S.W.2d 848 (1981); *Poisson v. Allstate Life Insurance Company,* 640 F.Supp. 147 (D.Me.1986).

### D. INTEREST PAYABLE

■ It is uncontroverted that Plaintiff's first notice that he suffers from a physical

impairment was in April, 1986. The benefits in dispute were paid on June 9, 1986. The burden was on Plaintiff to make a claim, and following a claim, Defendant is entitled to a period of time for investigation. It is only after the investigatory period elapses and benefits which are contractually due are not paid that any entitlement to interest could arise. The Court has found that there has been no underpayment of benefits. Accordingly, it is

ORDERED that Defendant's motion for summary judgment is granted, and Plaintiff's motion for summary judgment is denied. The Clerk is directed to enter a final judgment of dismissal in favor of Defendant.

DONE and ORDERED.