Peggy L. PAYNE, Plaintiff,

v.

RYDER SYSTEM, INC. LONG TERM DISABILITY PLAN, Ryder System, Inc. and Standard Insurance Company, Defendants.

No. 95–1593–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

May 30, 1997.

Herbert Mattis Berkowitz, Berkowitz & Associates, Tampa, FL, for Peggy L. Payne.

Jay S. Blumenkopf, Jonathan M. Fordin, Proskauer Rose LLP, Boca Raton, FL, for Ryder System, Inc. Long Term Disability Plan, Ryder System, Inc. Standard Ins. Co.

## ORDER

KOVACHEVICH, Chief Judge.

This cause is before the Court on Defendant's Motion for Summary Judgment (Dkt. 24), Plaintiff's response (Dkt. 30), Plaintiff's Motion for Summary Judgment (Dkt. 29), and Defendant's response (Dkt. 33).

## STANDARD OF REVIEW

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue of material fact' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is entitled to a judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of the case with respect to which that party has the burden of proof. *Celotex v. Catrett,* 477 U.S. 317, 323–324 [106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265] (1986).

The moving party bears the initial responsibility of stating the basis for its motions and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. That burden can be discharged by "showing ... that there is an absence of evidence to support the non-moving party's case." *Celotex,* 477 U.S. at 323, 325, 106 S.Ct. at 2552–2553, 2554.

Issues of fact are genuine "only if a reasonable jury considering the evidence presented could find for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202

(1986). Material facts are those which will affect the outcome of the trial under governing law. *Id.* at 248, 106 S.Ct. at 2510.

In determining whether a genuine issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–997 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969).

Although factual disputes preclude summary judgment, the "mere possibility that factual disputes may exist, without more, is not sufficient to overcome a convincing presentation by the party seeking summary judgment." *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980). When a party's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper but required. *Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir.1981), *cert. denied*, 456 U.S. 1010, 102 S.Ct. 2303, 73 L.Ed.2d 1306 (1982).

### STATEMENT OF FACTS

Plaintiff Peggy L. Payne brought this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. Secs. 1001–1461, against Defendants, Standard Insurance Company ("Standard"), Ryder System, Inc. Long Term Disability Plan and Ryder System, Inc. ("Ryder"). Plaintiff is seeking to recover benefits under the group long term disability policy No. 612040 ("the Policy") issued by Standard to Plaintiff's former employer, Ryder. Plaintiff, a former billing clerk with Ryder, claims to be totally disabled due to, *inter alia*, back and neck pain.

On September 19, 1991, Plaintiff was employed as a full-time hourly employee of Ryder, and as of July 16, 1992, was a qualified participant in Long Term Disability Plan. On April Plaintiff was qualified for short term disability benefits under the short term disability plan provided by Ryder, and received those benefits. Plaintiff received the maximum benefits for the maximum amount of time, 26 weeks, available under the short term disability plan. April 9, 1993 was the last day Plaintiff worked for Ryder. According to the express terms of the Policy, Plaintiff's coverage ended on April 30, 1993, the last day of the last calendar month during which she worked at least thirty(30) hours for Ryder. On August 18, 1993, Plaintiff submitted a claim form to Standard in which she claimed to be disabled from her occupation as a billing clerk. On October 5, 1993, Plaintiff received a letter from Ryder, advising her that it was the company's policy to terminate any employee who has exhausted short term disability benefits. Then, by letter dated January 19, 1994, Standard notified Plaintiff that it had determined that she did not qualify for long term benefits under the Policy. Plaintiff appealed this decision by a letter dated February 24, 1994. On July 1, 1994, Standard informed Plaintiff of its decision to uphold its prior determination that Plaintiff did not qualify for long term disability benefits. On October 21, 1994, Plaintiff's attorney requested that Standard review her claim a third time. Standard again reviewed Plaintiff's claim, and again upheld its earlier decision.

### DISCUSSION

A. Plaintiff's Motion for Summary Judgment

1. Plaintiff's Late Motion for Summary Judgment, Filed Without Leave of the Court, is Untimely

Plaintiff bases her claim for summary judgment on the contention that the Defendants' claims and review procedures for denying her long term disability benefits violate the minimum statutory requirements set up by ERISA. However, the court need not consider the merits of this motion, since it was not filed in a timely fashion. The court entered a Case Management and Scheduling Order on January 5, 1996, establishing December 15, 1996 as the deadline for filing dispositive motions. On December 15, 1996 Standard filed a stipulated motion to extend this deadline to January 15, 1997, which the Court granted. On January 14, 1997, Stan-

dard filed a second stipulated motion to extend the dispositive motion deadline to March 17, 1997, which the Court granted. On March 17, 1997, Standard filed its motion for summary judgment and supporting memorandum of law. Plaintiff, however, did not file her motion for summary judgment until March 26, 1997, which is past the established deadline for dispositive motions, and Plaintiff did so without asking leave of the court to extend the filing deadline.

■ Rule 16(b)(1) of the Federal Rules of Civil Procedure provides that a district court "shall, after consulting with the attorneys for the parties . . ., enter a scheduling order that limits the time . . . to amend the pleadings." The timetable established by the Case Management and Scheduling Order is binding upon the parties. However, Rule 16 is not completely inflexible. Accordingly, Rule 16(b) further provides that a court may modify the order "upon a showing of good cause." A party who requests leave to amend after the date specified in the initial scheduling order must first demonstrate that there is "good cause" why the court should not adhere to the dates specified in the scheduling order. If "good cause" is shown then the party may demonstrate that leave to amend is proper under Rule 15.

■ The Eleventh Circuit has consistently held that motions filed after a deadline imposed by a court should be denied as untimely. Plaintiff's motion is clearly untimely, and does not even attempt to demonstrate there is some "good cause" why the court should modify the scheduling order. Therefore, the court need not address the merits of the motion. "The scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Forstmann v. Culp,* 114 F.R.D. 83, 85 (M.D.N.C.1987).

2. Plaintiff's Motion is an Impermissible Attempt to Amend Her Complaint

■ Even if Plaintiff's motion were not denied as untimely, the Court would deny it since Plaintiff is attempting to assert a new cause of action against Standard, its purported failure to comply with ERISA notification requirements. This claim stems from communications which occurred before Plaintiff even filed suit. Plaintiff presumably knew of this cause of action and should have included it in her Complaint. Plaintiff may not amend her Complaint without leave of the court to do so. Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend the party's pleading once as a matter of course within twenty (20) days or by leave of the court. The Court has not granted leave to amend the complaint. This court itself has held that after a plaintiff's right to file an amended complaint "once as a matter of course" has passed, then the party must obtain leave to file an amended complaint. *Weiss v. PPG Industries, Inc.,* 148 F.R.D. 289 (M.D.Fla.1993).

Courts have held that a plaintiff cannot amend a complaint through statements in a brief. In *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101 (7th Cir.1984), the court held that a party could not: amend a complaint in a brief in opposition to a motion to dismiss. Also in *Jacobson v. Peat, Marwick, Mitchell & Co.,* 445 F.Supp. 518 (S.D.N.Y. 1977), the court held that a party was not entitled to amend pleadings through statements in a brief.

Plaintiff has asserted a new cause of action in her motion for summary judgment, which was not contained within her complaint. Plaintiff may not amend her complaint without leave of the court and may not move for summary judgment on the grounds asserted in her motion. Therefore, even if the motion were deemed timely, the Court would still deny it.

3. Plaintiff Has Not Met Standard for Summary Judgment

■ Even if Plaintiff's motion for summary judgment was timely filed and her claims were included in her Complaint, Plaintiff has not meet the standard for summary judgment. Plaintiff argues that Standard's denial and review process did not comply with ERISA regulations, as found in 29 C.F.R. Sec. 2560.503–1, requiring timely notice and specific reasons for the denial. 29 C.F.R. Sec. 2560.503–1(e) states that a period of time is untimely if it exceeds ninety (90)

days after the receipt of the claim, except in special circumstances where an additional ninety (90) days may be warranted. 29 C.F.R. Sec. 2560.503–1(h) states that the appropriate time limit is sixty days (60), with an additional sixty (60) days in special circumstances, if the decision on the claim is by an appropriately named fiduciary. Additionally, 29 C.F.R. Sec. 2560.503–1(f) states the content of the notice must give specific enough reasons for denial so the claimant will be able to make a meaningful appeal if one is necessary. Plaintiff argues that Standard did not give specific notice of reasons for denial or timely notice for either the fiduciary or non-fiduciary time requirement.

In *Halpin v. W.W. Grainger, Inc.*, 962 F.2d 685 (7th Cir.1992), the court concluded that the decision as to whether the requirements, as set forth in 29 C.F.R. Sec. 2560.503–1, have been fulfilled should not to be determined from any one single communication, but from the communications as a whole. A claims decision should be upheld even if a particular communication does not meet ERISA's procedural requirements if the communications as a whole are sufficient to fulfill the purpose behind the requirements. The decision as to whether Standard substantially and sufficiently complied with the ERISA requirements based on all communications, is a factual determination that is best decided by the trier of fact, and is not proper for a summary judgment determination.

■ Additionally, Plaintiff has not submitted any evidence that these notice requirement violations caused her any prejudice or harm; therefore, Plaintiff has no basis for any substantive relief. In *Bogue v. Ampex Corp.*, 976 F.2d 1319 (9th Cir.1992), the plaintiff alleged the fiduciary did not comply with ERISA's requirements, and the court held that plaintiff did not meet the burden of demonstrating that the procedural defects caused some substantive harm. Therefore, without any evidence of harm from procedural defects, Plaintiff would not be entitled to any substantive relief. Even if harm did exist from procedural defects, the appropriate remedy would be to remand the claim for an additional review. *See, e.g., Blau v. Del Monte Corp.*, 748 F.2d 1348 (9th Cir.1984). Plaintiff has already been afforded three reviews. Accordingly, even if procedural defects did exist in the review of her claim, Plaintiff has already been afforded the substantive relief to which Plaintiff would be entitled.

**B. Defendant's Motion for Summary Judgment**

**1. The Arbitrary and Capricious Standard of Review is Appropriate to Determine if Standard's Decision to Deny Plaintiff's Claim is Reasonable**

■ Plaintiff argues that the question of the extent of her disability is a factual question that can only be decided by the trier of fact. However, it is not for the Court to do the job of Standard and determine the validity of claims. The Court should only determine if Standard's benefit determinations were made within the letter of the law, and not if the decision was correct. *Guy v. Southeastern Iron Workers' Welfare Fund*, 877 F.2d 37 (11th Cir.1989). The Court's "role is limited to determining whether interpretation was made rationally and in good faith—not whether it was right." *Id.* at 39.

In *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the United States Supreme Court established the standard of review to be given in ERISA cases to benefit determinations made by claims fiduciaries who have discretionary authority under a plan. The Court stated that "[a] denial of benefits challenged ... is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id.* at 115, 109 S.Ct. at 956–957.

The Eleventh Circuit, in *Kirwan v. Marriott Corp.*, 10 F.3d 784, 787 (11th Cir.1994), held that the denial of long-term disability benefits was subject to de novo standard of review, rather than arbitrary and capricious standard of review, when the fiduciary had authority to control and manage the operation and administration of the plan in accor-

dance with the terms of the plan, but the plan does not contain unambiguous express language conferring discretionary authority to determine eligibility or to construe the terms of the plan. However, the arbitrary and capricious standard of review was said to apply where "the plan expressly provides the administrator discretionary authority to make eligibility determinations or to construe the plan's terms." *Id.* at 788. In this regard, the Eleventh Circuit has found an express grant of discretionary authority where the plan gives the fiduciary " 'full and exclusive authority to determine all questions of coverage and eligibility' " and " 'full power to construe the [plan's] provision[s].' " *Guy,* 877 F.2d at 38–39. *See also Mann v. Prudential Ins. Co. of America,* 790 F.Supp. 1145, 1150 (S.D.Fla.1992); *Gray v. Travelers Indemnity Co.,* 725 F.Supp. 495, 498 (M.D.Fla.1989).

Accordingly, the Policy does expressly, in unambiguous terms, grant Standard "full and exclusive authority" to control and manage the claims and to construe the terms of the Policy. Plaintiff has not offered any reasonable alternative interpretation of the Policy. The Policy language is unambiguous, and not open to any other interpretation. Therefore, Standard has discretionary authority under the Policy, and the arbitrary and capricious standard of review is appropriate.

2. Standard's Denial of Plaintiff's Claim was Neither Arbitrary Nor Capricious

■ The Eleventh Circuit has held that when applying the arbitrary and capricious standard to an ERISA benefits denial case, the court must determine if there was a reasonable basis for the denial, "based upon the facts known to the administrator at the time the decision was made." *Jett v. Blue Cross and Blue Shield of Alabama,* 890 F.2d 1137, 1140 (11th Cir.1989). The Court stated that "[a]s long as a reasonable basis appears for decision, it must be upheld as not being arbitrary and capricious, even if there is evidence that would support a contrary decision." *Id.*

Standard's determination to deny Plaintiff's claim is supported by a rational basis, based on the facts possessed by Standard at the time of its decision. In reviewing Plaintiff's medical records, there was little or no evidence at the time of Standard's decision, indicating eligibility for permanent disability benefits. All of her medical records indicate some pain and short-term disabilities, but none stated that she was permanently unable to return to work. Plaintiff's only evidence of permanent disability comes from a decision by the Social Security Administration in 1997, well after the time when Standard made its decision. This decision obviously was not known to Standard at the time of its initial decision, or during any of its subsequent reviews and denials. Standard's decision was based on objective medical evidence, including the conclusions of Payne's own treating physicians and an independent medical expert. Based this objective medical evidence, Standard's application of the terms of the Policy is reasonable. The Court concludes that Standard's decision was neither arbitrary nor capricious, and summary judgment is appropriate.

3. Summary Judgment Would Still be Appropriate Under a Heightened Standard of Review

■ The Eleventh Circuit has held that a heightened standard of review is appropriate, in certain cases, where an insurer is also the claims fiduciary entrusted with determining the eligibility for benefits under an ERISA plan. *Brown v. Blue Cross and Blue Shield of Alabama, Inc.,* 898 F.2d 1556 (11th Cir. 1990). Even under this heightened standard of review, summary judgment is still appropriate where there is no evidence of bias, and no evidence of abuse of discretion. *Taft v. The Equitable Life Assurance Society,* 9 F.3d 1469 (9th Cir.1994). The court in *Taft* concluded:

> [The beneficiary] presented no evidence, and never even suggested, that [the administrator] acted in bad faith or had improper motives at any time ... In the absence of any such evidence, we can see no reason to depart from our conclusion that [the administrator] did not abuse its discretion.

*Id.* at 1474. *See also Cairns v. Bridgestone/Firestone, Inc.,* 802 F.Supp. 152 (N.D.Ohio 1992), *aff'd* 995 F.2d 1066 (6th

Cir.1993); *Daniels v. Anchor Hocking Corp.*, 758 F.Supp. 326 (W.D.Pa.1991); *Poole v. Seattle–First National Bank,* 741 F.Supp. 837 (E.D.Wash.1990).

Plaintiff has offered no evidence that Standard acted in bad faith or had any improper motives. Standard has offered the testimony of Mary M. Ferney, a Quality Assurance Specialist of Standard, as proof that its decision was unbiased and in good faith. There was ample medical evidence to demonstrate that Standard's decision was objective and unbiased, including the conclusions of Plaintiff's own physicians. Therefore, there is no evidence that Standard abused its discretion and summary judgment is appropriate even under a heightened standard of review. Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgment is **granted,** and Plaintiff's Motion for Summary Judgment is **denied.** The Clerk of Court shall enter a final judgment in favor of Defendant.