804 So.2d 236 (2001)
PROVIDENT LIFE AND CASUALTY COMPANY, INC.
v.
Paula R. CREAN.
2991004.
Court of Civil Appeals of Alabama.
June 1, 2001.
*237 James M. Smith of Parnell & Crum, P.A., Montgomery, for appellant.
J.E. Sawyer, Jr., Enterprise, for appellee.
PITTMAN, Judge.
Provident Life and Casualty Company, Inc. ("Provident"), a long-term-disability insurer, sued Paula R. Crean to recover benefits it claimed it had overpaid to her. After the parties had submitted "trial briefs," the circuit court entered a judgment in favor of Crean. Provident appealed. We affirm.

Facts and Procedural History
Crean was an employee of Michelin North America, Inc., and through her employment was covered by a policy of disability insurance issued by Provident. The terms of the policy included a benefit for "total disability" that was calculated at 60% of Crean's total wages if she became totally disabled and remained in that condition for more than 26 weeks. On or about May 3, 1994, Crean became disabled, under the terms of the policy, and she became eligible for benefits beginning November 27, 1994.
On or about November 4, 1994, Crean was advised by Provident that in order to receive the long-term-disability ("LTD") benefits under the policy, she had to execute an agreement which stated, in part, "I agree to reimburse [Provident], out of the initial funds received from Social Security, any overpayment resulting from retroactive approval by Social Security. If full reimbursement is not made I understand and agree that no further LTD payments will be paid until the overpayment is cleared." Crean executed the agreement.
From November 27, 1994, through November 30, 1996, Provident paid Crean $29,708.13 in LTD benefits. In December 1996, Crean received $17,921.13 in retroactive Social Security benefits due to her total disability. Crean also received, in the names of her minor children, $6,218.92 in retroactive benefits from Social Security.
Provident sued Crean on May 4, 1998, seeking to recover its overpayment of LTD benefits, pursuant to its contract with Crean. Crean answered, and Provident filed a motion for summary judgment on August *238 17, 1998. Crean filed a motion in opposition to Provident's motion for summary judgment; Provident filed a rebuttal to Crean's motion; and Crean then filed a response to Provident's rebuttal. The trial court denied Provident's motion for summary judgment on April 29, 1999. On February 17, 2000, the court ordered the submission of nonjury "trial briefs." After reviewing the trial briefs, the trial court entered a judgment in favor of Crean.

I.
The record shows that when the trial briefs were filed, Provident styled its brief as a "Motion for Summary Judgment and Memorandum Brief in Support Thereof." Crean styled her brief "Defendant's Brief' and filed a response to Provident's brief styled "Response to Plaintiffs Trial Brief entitled `Plaintiffs Motion for Summary Judgment and Memorandum Brief in Support Thereof.'" Based on these submissions, the trial court entered an order reading, in pertinent part, "This cause coming on to be heard is submitted for a Judgment on the pleadings, stipulation of the parties and briefs on file...."[1] The trial court was not presented with any disputed facts, nor was there any oral testimony taken. It is well settled that "[w]here the evidence before the trial court is undisputed, ... the appellate court shall sit in judgment on the evidence de novo, indulging no presumption in favor of the trial court's application of the law to the facts." Justice v. Arab Lumber & Supply, Inc., 533 So.2d 538, 542 (1988), citing Abel v. Forrest Realty, Inc., 484 So.2d 1069 (Ala.1986); Stinson v. Stinson, 494 So.2d 435 (Ala.Civ.App.1986); Stiles v. Brown, 380 So.2d 792 (Ala.1980). Because we construe the trial court's judgment not as a summary judgment, but rather as a judgment on stipulated facts, we review this case using the de novo standard.

II.
On appeal, Provident argues that any claims having a connection to an "employee-benefit plan," as defined in 29 U.S.C. § 1002, are preempted by the Employee Retirement Income Security Act ("ERISA"); therefore, it says, the trial court was compelled to follow federal common law as the law pertains to ERISA. Provident's argument mischaracterizes ERISA law, and it does not comport with the guidelines under which a claim is considered preempted by 29 U.S.C. § 1002. The United States Court of Appeals for the Eleventh Circuit stated in Butero v. Royal Maccabees Life Insurance Company, 174 F.3d 1207 (11th Cir.1999):
"Here's the rule: ERISA super-preemption exists only when the `plaintiff is seeking relief that is available under 29 U.S.C. § 1132(a).' Whitt v. Sherman Intern. Corp., 147 F.3d 1325, 1330. Regardless of the merits of the plaintiffs actual claims (recast as ERISA claims), relief is available, and there is complete preemption, when four elements are satisfied. First, there must be a relevant ERISA plan. See id.; Kemp v. International Business Machs. Corp., 109 F.3d 708, 713 (11th Cir.1997). Second, the plaintiff must have standing to sue under that plan. See Engelhardt v. Paul Revere Life Ins. Co., 139 F.3d 1346, 1350 n. 3 (11th Cir. 1998). Third, the defendant must be an ERISA entity. See id.; Franklin v. QHG of Gadsden, Inc., 127 F.3d 1024, 1029 (11th Cir.1997); see also Morstein v. National Ins. Servs., Inc., 93 F.3d 715, 722 (11th Cir.1996) (en banc) (no preemption at allnot even defensive *239 preemptionwhen the defendant is `a non-ERISA entity' and the claims do not `affect relations among principal ERISA entities as such'). Finally, the complaint must seek compensatory relief akin to that available under § 1132(a); often this will be a claim for benefits due under a plan. See Engelhardt, 139 F.3d at 1354; Franklin, 127 F.3d at 1029."
174 F.3d at 1212. The decisive element missing in this particular case is, obviously, the third one. Crean can by no stretch of the imagination be considered an ERISA entity, and that fact is fatal to Provident's claim.
We assume that the only reason to attempt to connect Provident's claims to ERISA is to buttress its contention that the case of Cooperative Benefit Administrators, Inc. v. Whittle, 989 F.Supp. 1421 (M.D.Ala.1997), is dispositive. We also note that Whittle is the only case cited for the proposition that Provident can take legal action to recover its overpayment from Crean's Social Security benefits. Even a cursory reading of Whittle shows that "[t]he issue in [that] action [was] whether the amount of benefits payable to Whittle's spouse and children on account of his disability [were] to be included in the ... offset," and that, additionally, "Whittle ... [sought] a declaration [on the question whether Cooperative Benefit Administrators, Inc. had] wrongfully withheld his benefits in an effort to reimburse itself for the amount it allegedly overpaid Whittle." Whittle, 989 F.Supp. at 1423, 1428. Neither of these issues is contested by Crean, and therefore Whittle has no application here.

III.
Crean contends that the judgment in her favor was proper, based on her contention that Provident was prohibited by federal law from subjecting her Social Security benefits to execution, levy, attachment of garnishment, or other legal process. While this proposition has never been tested in the Alabama appellate courts, a survey of relevant authority makes the answer clear. We first start by quoting that part of 42 U.S.C. § 407 that applies here:
"The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."
42 U.S.C. 407(a). The line of authority begins with Philpott v. Essex, 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973), where the State of New Jersey was attempting to collect welfare moneys owed from the federal disability payments received by Philpott as trustee for Wilkes. The United States Supreme Court stated:
"The language [of § 407] is all-inclusive: `[N]one of the moneys paid or payable... under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process ...'. The moneys paid as retroactive benefits were `moneys paid ... under this subchapter'; and the suit brought was an attempt to subject the money to `levy, attachment ... or other legal process.'"
Philpott, 409 U.S. at 415, 416, 93 S.Ct. 590. Additionally, that court noted that "§ 407 does not refer to any `claim of creditors'; it imposes a broad bar against the use of any legal process to reach all social security benefits." Philpott, 409 U.S. at 417, 93 S.Ct. 590. While many cases have allowed an insurer to offset, or reduce, an insured's benefit payments by the amount of a retroactive Social Security award, without violating 42 U.S.C. § 407, "the cases provide no support for a money judgment in favor *240 of the insurance company." Continental Cas. Co. v. Hunt, 913 P.2d 292, 297 (Ok. 1996). See Poisson v. Allstate Life Ins. Co., 640 F.Supp. 147 (D.Me.1986); Stuart v. Metropolitan Life Ins. Co., 664 F.Supp. 619 (D.Me.1987), aff'd, 849 F.2d 1534 (1st Cir.), cert. denied, 488 U.S. 968, 109 S.Ct. 496, 102 L.Ed.2d 533, (1988); Gray v. Travelers Indem. Co. of Rhode Island, 725 F.Supp. 495 (M.D.Fla.1989).
The only exception to this premise appears to be when Social Security payments are not the recipient's only source of income. The Eleventh Circuit has stated that "[b]y insulating social security benefits from assignment or seizure, [§] 407 attempts to insure that recipients have the resources necessary to meet their most basic needs.... However, when the debtor's ability to care for himself or herself is not implicated, [§] 407 need not be applied." United States v. Devall, 704 F.2d 1513 (11th Cir.1983). "Thus, this circuit has implied an exception to 42 U.S.C. § 407 when the reaching of Social Security benefits is not going to impair the ability of the recipient to satisfy his or her basic needs." Citronelle-Mobile Gathering, Inc. v. Watkins, 934 F.2d 1180, 1192 (11th Cir. 1991).
While the record below contains nothing to indicate whether Crean has an additional source of income, Provident, as the appellant, had the duty to include in the record any information it wished this Court to consider. It is well established that the appellant (here, Provident) bears the burden of ensuring that the record on appeal contains sufficient evidence to warrant a reversal. Alfa Mut. Gen. Ins. Co. v. Oglesby, 711 So.2d 938 (Ala.1997). There appearing in the record nothing to suggest otherwise, we conclude that the trial court correctly ruled in favor of Crean, based on 42 U.S.C. § 407 and the applicable caselaw. The judgment of the trial court is affirmed.
AFFIRMED.
YATES, P.J., concurs.
CRAWLEY, THOMPSON, and MURDOCK, JJ., concur in the result.
MURDOCK, Judge, concurring in the result.
Provident argues on appeal that any claim connected to an employee-benefit plan is preempted by the Employee Retirement Income Security Act ("ERISA") and, therefore, Provident's claim against Crean was governed by federal common law. Provident does not argue that its lawsuit against Crean is not an attempt to subject Crean's Social Security benefits to "execution, levy, attachment, ... or other legal process" under 42 U.S.C. § 407, nor that this case is governed by the exception to the general rule of § 407 identified by the majority as to cases where "the social security payments are not the recipient's only source of income."[2] I therefore do not consider those issues. E.g., Mullins v. Mullins, 416 So.2d 1063, 1066 (Ala.Civ. App.1982).
Because I agree that ERISA does not preempt otherwise applicable law in the manner urged by Provident, I concur in the result.
NOTES
[1] Though the order references the stipulations of the parties, the record on appeal does not contain a set of stipulated facts which were agreed upon by the parties.
[2] Provident made disability payments to Crean that enabled her to meet her basic needs during the two years before her receipt of retroactive Social Security disability benefits.