Janet L. POHTO, Plaintiff,

v.

Alfred J. LEISER, et al., Defendants.

No. 88–1786–CIV–T–17(B).

United States District Court,
M.D. Florida,
Tampa Division.

June 5, 1990.

Robert G. Walker, Jr., Holloway and Walker, Clearwater, Fla., for plaintiff.

John Edward Alley, Robert D. Hall, Jr., Alley and Alley, Chartered, Tampa, Fla., for defendants.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

The cause is before the Court on the following motions, responses, and other pleadings:

1. Defendants' motion for summary judgment and memorandum in support thereof, filed June 12, 1989.

2. Defendant Alfred J. Leiser's motion for summary judgment, in his individual capacity, on the grounds of qualified immunity and memorandum in support thereof, filed June 12, 1989.

3. Index of documents supporting motions for summary judgment, filed June 12, 1989.

4. Plaintiff's memorandum of law in opposition to both motions for summary judgment, filed July 10, 1989.

5. Plaintiff's deposition taken February 21, 1989, filed July 10, 1989.

6. Plaintiff's affidavit of July 6, 1989, filed July 10, 1989.

7. Court-ordered joint memorandum of law on the motions for summary judgment, filed August 17, 1989.

8. Plaintiff's supplemental authority, filed July 25, 1989.

9. Defendant's supplemental submissions of authority, filed August 17, 1989, September 22, 1989, November 16, 1989, and January 12, 1990.

10. Plaintiff's motion to amend complaint to name individual defendants, filed September 14, 1989.

11. Defendant's response to the motion to amend, filed October 6, 1989.

12. Joint stipulation to request discovery case conference, filed February 26, 1990.

## FACTS

The complaint in this cause of action was filed November 15, 1989, against Defendants Alfred J. Leiser, individually and in his official capacity, and the Data Processing Board of Pinellas County, Florida (the Board). The complaint alleged the following causes of action: 1) violation of civil rights, for consulting with an attorney as to Plaintiff's legal rights; and, 2) deprivation of a liberty interest: damage to reputation.

The parties have agreed upon certain relevant facts in the court-ordered joint memorandum of law, including:

1. Plaintiff was employed by the Management Information Systems Department (the MIS) of the Board, in the exempt position of Operations Supervisor.

2. Plaintiff was employed at the will of the appointing officer who was Defendant Alfred J. Leiser, the Executive Director of the MIS. Defendant Leiser was appointed by the Board, which exists by virtue of a written interlocal agreement.

3. As Operations Supervisor, Plaintiff had oversight as to four (4) supervisors, two (2) operations analysts, and a total of over thirty (30) other employees which constituted about one-third of the MIS department. She had control over a budget that was in excess of four million dollars and was responsible for seven million dollars worth of equipment.

4. Plaintiff spent time on planning and participated in business discussions on points of disagreement with Defendant Leiser and had input in making operational decisions.

5. On September 16, 1988, Defendant Leiser promulgated a memorandum concerning job performance of management employees, including Plaintiff. (Exhibit A to complaint).

6. On September 19, 1989, Plaintiff's attorney Robert G. Walker, Jr., wrote to Mr. Leiser regarding Exhibit A. (Exhibit E to complaint). Therein Mr. Walker stated that Plaintiff had consulted with him as to the September 16, 1988, memo, due to her frustration as to the "ambiguous directions contained in that memo with which she cannot reasonably comply because she cannot understand them." The letter further stated Plaintiff was concerned about the personal attack against her contained in the memo.

7. On September 21, 1988, in response to Mr. Leiser's memorandum, Plaintiff submitted her plan of action, as required, directed to the problems and issues raised in Mr. Leiser's memorandum. (Exhibit D to complaint).

8. On September 28, 1988, Defendant Leiser directed a memorandum to Plaintiff on the subject "Voluntary Resignation." (Exhibit F to complaint). Mr. Leiser requested Plaintiff's voluntary resignation or stated Plaintiff would be suspended without pay until her termination could ,be presented to the Board.

9. On October 18, 1988, Plaintiff's termination was presented to the Board by Defendant Leiser, for the following stated reason: breakdown in communications and irreconcilable

differences. The Board unanimously concurred in the termination.

10. Plaintiff accepted a position as Operations Supervisor of the MIS Department of a Tampa company on November 14, 1988.

## SUMMARY JUDGMENT STANDARD

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–7 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, (1986),

In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.*, 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at p. 324, 106 S.Ct. at p. 2553, 91 L.Ed.2d at p. 274.

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

■ This Court applies the Eleventh Circuit standard as stated in *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). This Court finds that whether the defendants violated Plaintiff's constitutional right to attorney representation is a factual determination which cannot be answered at this time. Consequently, this Court holds the defendant has not sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to Plaintiff. Material factual disputes exist; thus, the motion for summary judgment will be denied.

## DEFENDANT LEISER'S MOTION ON QUALIFIED IMMUNITY GROUNDS

"A government official performing a discretionary function is entitled to qualified immunity from personal liability when the acts complained of violate no clearly established law of which a reasonable person should have been aware at the time he acted." *Harrell v. United States*, 875 F.2d 828, 830 (11th Cir.1989), citing *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

■ In reviewing a defense of qualified immunity, the Court must accept the facts as alleged by Plaintiff and then determine the legal issue of whether those facts constitute a violation of clearly established rights of which a reasonable official in the defendant's circumstances would have known. *McDaniel v. Woodward*, 886 F.2d 311, 313 (11th Cir.1989).

When a defendant advances a defense of qualified immunity, the "plaintiff bears the burden of showing that 'the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions....'" (cite omitted) "The words 'clearly established ... constitutional rights' may not be used to read the defense of immunity out of federal tort law by the facile expedient of stating constitutional rights in the most general possible terms...." (cite omitted) The Supreme Court has stressed that "the right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently

clear that a reasonable official would understand that what he is doing violates that right."....

In sum, "the qualified immunity defense ... provides ample protection to all but the plainly incompetent or those who knowingly violate the law." ... *Id.*, at 313–14.

■ In the instant case, it is without dispute that Mr. Leiser and Plaintiff, an at-will employee under his supervision, were not effectively communicating. Moreover, with approval of the board of directors, Mr. Leiser was empowered to dismiss any at-will employee under his supervision. Because both Plaintiff and Defendant were employed as supervisors, their dispute potentially could have affected numerous employees under their control. Additionally, Mr. Leiser followed proper procedure for dismissal of an at-will employee by suspending Plaintiff, and then submitting her ultimate dismissal to the board of directors for approval. It is noteworthy that the board of directors unanimously concurred with Defendant Leiser's decision to dismiss Plaintiff.

This Court applies the test for qualified immunity as stated by the Eleventh Circuit in *Harrell*, 875 F.2d 828, 830. The Court cannot find that Plaintiff has carried her burden of showing that the legal norms allegedly violated by Mr. Leiser were "clearly established", in the more particularized sense required, at the time of discharge. *McDaniel*, 886 F.2d at 313–14.

The question this Court addresses is: whether a reasonable MIS Director in the same circumstances as Mr. Leiser, and knowing what Mr. Leiser knew, could have concluded that his actions did not violate any clearly established statutory or constitutional rights of the plaintiff. Upon due consideration, this Court concludes that such "reasonable MIS Director", under these facts, could have concluded that his actions did not violate any clearly established statutory or constitutional right of Plaintiff. Therefore, Defendant Leiser is entitled to qualified immunity in this instance.

## Motion to Amend Complaint to Add Individual Defendants

■ Clearly, the right to amend a complaint after an answer has been filed rests with the trial court. *Rule 15, Fed.R.Civ.P.* Plaintiff requests this Court to allow her to amend her complaint by adding the board members individually. In light of this Court's aforementioned analysis of qualified immunity, this Court recognizes that, similar to Defendant Leiser, these board members violated no clearly established constitutional law. Thus, they would also be entitled to qualified immunity in their individual capacities. Justice and judicial economy would not be served by allowing Plaintiff to amend her complaint to add these Defendants individually.

Further, the Court finds no excuse for Plaintiff's failure to initially name the individual board members as defendants. These individuals are not newly discovered. They were known, as were their roles in the discharge known, at the time of the filing of the complaint. Accordingly, it is

ORDERED that Defendants' motion for summary judgment be denied; however, Defendant Leiser's motion for summary judgment, in his individual capacity, and on the grounds of qualified immunity, be granted. It is further

ORDERED that Plaintiff's motion to amend the complaint to add the individual board members as defendants be denied. It is further

ORDERED that the joint stipulation be granted and this case will be set on the next available Rule 16, Fed.R.Civ.P., calendar, on either September 5 or 6, 1990.

DONE AND ORDERED.