Carl J. **VELTMANN** and Christopher P. **Veltmann, Plaintiffs,**

v.

**WALPOLE PHARMACY, INC., et al., Defendants.**

**No. 95–1954–CIV–T–17E.**

United States District Court, M.D. Florida, Tampa Division.

June 10, 1996.

Carl J. Veltmann, Tampa, FL, pro se.

Christopher P. Veltmann, Tampa, FL, pro se.

Daniel F. Pilka, Steven Edward Waggoner, Sawyer & Pilka, P.A., Brandon, FL, for Walpole Pharmacy, Inc.

William Joseph Fuller, III, Sarasota, FL, for Joseph F. Bubinak, M.D.

Richard Roger Garland, George Hunter Gibbons, Dickinson, Gibbons, Shields, Partridge, Dahlgren & Collins, P.A., Sarasota, FL, for Benham R. Wrigley, M.D.

Frederick B. Rushing, Park, Bugg, Rodnite & Ossian, P.A., Clearwater, FL, for Eckerd Corporation.

Lee Fugate, Law Office of Lee Fugate, Clearwater, FL, George L. Hayes, III, Powell, Carney & Hayes, P.A., St. Petersburg, FL, for Donald H. Foster, M.D.

John V. Cannon, III, Carol A. Kalish, Williams, Parker, Harrison, Dietz & Getzen, Sarasota, FL, for Sarasota Memorial Hospital.

William Eddins Partridge, Douglas Boozer Lumpkin, Lutz, Webb, Partridge & Bobo, P.A., Sarasota, FL, for F.L. Moffat, M.D.

Kathi Busch Halvorsen, Lancaster & Eure, Sarasota, FL, for Robert B. Halvorsen, M.D.

### ORDER

KOVACHEVICH, Chief Judge.

This cause is before the Court on Motions to Dismiss the Complaint filed by every defendant in this case, except Defendant Robert B. Halvorsen, M.D., and responses to each of the motions filed by Plaintiffs. In addressing the current motions and responses, it is clear that there are several defects with Plaintiffs' Complaint and that it is properly dismissed as against all defendants, Dr. Halvorsen included.

### STANDARD OF REVIEW

Under *Conley v. Gibson,* a district court should not dismiss a complaint "for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts" that would entitle the plaintiff to relief. 355 U.S. 41, 45, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *accord Bracewell v. Nicholson Air Services, Inc.,* 680 F.2d 103, 104 (11th Cir.1982). To survive a motion to dismiss, a plaintiff may not merely "label his or her claims." At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. at 102–03 (quoting Fed.R.Civ.P. 8(a)(2)).

In deciding a motion to dismiss, this Court will examine only the four corners of the complaint. *Rickman v. Precisionaire, Inc.,* 902 F.Supp. 232 (M.D.Fla.1995). Also, the Court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Howry v. Nisus, Inc.,* 910 F.Supp. 576 (M.D.Fla.1995).

### FACTUAL BACKGROUND

Plaintiffs have brought a cause of action in this Court alleging federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Though factual allegations are scattered throughout the complaint without a clear indication as to which defendant or defendants are responsible for any particular wrong, the complaint alleges, in material part, the following: Elizabeth M. Veltmann was the wife of Plaintiff Carl J. Veltmann and the mother of Plaintiff Christopher P. Veltmann; through overmedicating and self abuse, Mrs. Veltmann became dependent on prescription drugs; the drug addiction was caused by negligent acts as well as by willful and malicious acts of all defendants; the defendants failed to disclose the drug addiction of the decedent to the plaintiffs or government authorities; the decedent committed suicide on January 7, 1990; as a result of the suicide, the plaintiffs have lost the love, affection, and companionship of their wife and mother; and the plaintiffs have also continued to suffer from a wrongful prosecution for her death.

Plaintiffs' Complaint contains three (3) counts. Only in Count I, a cause of action for civil remedies for criminal activity pursuant to Chapter 772 of the Florida Statutes, is it clear the legal basis upon which Plaintiffs are proceeding. Count II apparently alleges negligence and medical malpractice, and Count III fraud, concealment, malicious prosecution, false imprisonment and deprivation of life, liberty and property.

### DISCUSSION

The allegations in Plaintiffs' Complaint fail to comply with Federal Rule of Civil Procedure 10(b), which requires that all averments of the claim shall be included in separate paragraphs. The rule also requires that the contents of each paragraph shall be limited as far as practicable to a statement of a single set of circumstances. The rule further requires that each claim founded upon a separate transaction or occurrence shall be stated in a separate count whenever a separation facilitates the clear presentation of the matter set forth.

Plaintiffs' Complaint makes general allegations against all of the named defendants. The complaint fails to separate each alleged act by each defendant into individually numbered paragraphs. It is virtually impossible to ascertain from the Complaint which defendant committed which alleged act.

This particular defect in pleading would be enough to grant a motion to dismiss with leave to amend, or, more properly perhaps, grant a motion for more definite statement pursuant to F.R.C.P. 12(e), as was suggested in the alternative in some of the defendants' motions to dismiss. In this instance, however, there are several other bases requiring dismissal with prejudice.

### I. Standing

■■■ The plaintiffs are family member survivors of the decedent, Elizabeth M. Veltmann. Counts I, II, and III all claim damages based upon loss of love, affection and companionship of their wife and mother. This is, in essence, a wrongful death action couched in different legal theories in all three (3) counts of Plaintiffs' Complaint.

■■■ In a diversity case such as this, the Court must look to the substantive law of the forum state in order to determine whether the named party is the real party in interest. *Proctor v. Gissendaner*, 579 F.2d 876, 880 (5th Cir.1978). Under Florida Law, the real party in interest for a wrongful death action is the personal representative of the decedent. § 768.20 Fla.Stat. (1995). As a result, persons other than the personal representative have no standing under Florida law to maintain an action such as that brought by the plaintiffs in this case. Furthermore, in order to be appointed personal representative in the state of Florida, one must be a resident of Florida at the time death of the person whose estate he seeks to administer. § 733.302 Fla.Stat. (1995).[1]

Neither Plaintiff has alleged in the Complaint that they are bringing this suit as a personal representative of Elizabeth M. Velt-

mann's estate. The Plaintiffs have brought this suit for wrongful death in their individual capacities for their own benefit. The Plaintiffs are not proper parties to this suit because they lack standing to bring a cause of action for wrongful death in their individual capacities. As such, this Court finds that all three (3) counts as to all defendants must be dismissed as a matter of law.

### II. Statute of Limitations

■■■ Claims that are not filed before the running of the applicable limitations period are barred as a matter of law. The applicable limitations periods for federal causes of action founded on diversity jurisdiction are found pursuant to state law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *International Union of Operating Engineers v. Fischbach & Moore, Inc.*, 350 F.2d 936 (9th Cir.1965). When the federal court adopts a state limitations period, the court will adopt the state court's construction and judicial interpretations of the limitations statute. *Security Trust Co. v. Black River National Bank*, 187 U.S. 211, 23 S.Ct. 52, 47 L.Ed. 147 (1902).

■■■ Count I of Plaintiffs' Complaint alleges liability on the part of the defendants pursuant to Chapter 772 of the Florida Statutes. According to section 772.17 of the Florida Statutes, the applicable limitations period for an action founded on a violation of Chapter 772 is five (5) years after the conduct which violates a provision of the act terminates or the cause of action accrues. According to the allegations in Count I, the limitations period would have begun to run somewhere between January of 1987 and January 7, 1990, the date of Mrs. Veltmann's death. This Complaint was filed November 24, 1995. The latest point at which the statute of limitations would have run for this cause of action is January 7, 1995. Thus, Plaintiffs' claim in Count I is clearly time barred.

1. The Court concurs with several of the defendants' expressed concerns about the subject matter jurisdiction in this case. While Plaintiffs assert citizenship in Illinois, many facts in the Complaint tend to indicate otherwise. An abso-

lute determination of the "complete" diversity issue would involve some factual inquiry. Since the Court finds several other reasons for dismissal as a matter of law, the Court will not address subject matter jurisdiction further.

Chapter 95 of the Florida Statutes deals with limitations of actions in Florida and section 95.11 deals with limitations periods for causes of action other than for the recovery of real property. Aside from actions on judgments or decrees of the court of record, which can be commenced within twenty (20) years, the longest Statute of Limitations of any other type of action is five (5) years.

It is unclear exactly the claims asserted by Counts II and III, but by the most liberal of interpretations of the Complaint there are potentially claims for negligence, medical malpractice, fraud, malicious prosecution, false imprisonment and negligent or intentional infliction of emotional distress. These claims all have different limitations periods, but they would have to have been brought, at the outside, within a four (4) year time period. As such, Counts II and III are also time barred and properly dismissed as a matter of law.

### III. Failure to State a Claim

Finally, the Court has thoroughly reviewed the allegations contained in the three (3) counts of Plaintiffs' Complaint and finds, in addition to the standing and statute of limitations problems addressed above, that Plaintiffs have failed to state a claim upon which relief can be granted. As a result, dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is also appropriate. Accordingly, it is

**ORDERED** that Defendants' motions to dismiss (Docket Nos. 5, 9, 16, 18, 20, 24, 27, 30, and 39) **BE GRANTED.** The Clerk of Court is directed to enter judgment for all defendants in this case.

**DONE AND ORDERED.**